## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. **The Parties.** For and in consideration of the promises and covenants contained in this Settlement Agreement and General Release ("Agreement"), the parties, Plaintiff Lillie Robinson, for herself and her heirs, representatives, executors, administrators, successors and assigns (collectively referred to throughout this Agreement as "Robinson"), and Defendants MP18 Corp., KJM18 Group Corp., and Mauricio Mizrahi, and their respective officers, directors, agents, employees, insurers, successors, and assigns, as applicable (collectively referred to throughout this Agreement as "Defendants"), covenant and agree that:

2. **Compromise Settlement.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner, as set forth below.

3. **No Admissions.** This Agreement does not constitute an admission of liability on the part of Defendants specifically denies violation of any law, rule, regulation, contractual right or any other duty or obligation with respect to Robinson's alleged employment with Defendants

4. **Consideration.** In consideration for signing this Agreement and General Release and compliance with the promises made herein, Defendants agree to pay to Robinson and her counsel the total sum of Nine Thousand Nine Hundred and Fifty Dollars ($9,950.00), in full and final settlement and resolution of all claims made by Robinson.

    Within thirty (30) days of the approval of this Agreement by the Court, $9,950.00 of the settlement proceeds shall be paid to Robinson and her counsel and, allocated as follows:

a. One check made payable to the order of Lillie Robinson in the amount of $3,000.00 (Three Thousand Dollars) in consideration of all wage and hour claims made by Robinson, including but not limited to overtime and liquidated damages. Defendants shall issue a 1099 form to Robinson for this amount.

b. One check made payable to the order of Law Office of Keith M. Stern, P.A. in the amount of $6,950.00 (Six Thousand and Nine Hundred and Fifty Dollars) which includes $1,200.00 in costs and $5,750.00 in attorneys' fees in consideration of all claims made by Robinson and in this case, including but not limited to attorneys' fees, costs, and disbursements. Defendants shall issue a Form 1099 to Keith M. Stern, P.A. for this amount.

Robinson agrees to file a Joint Motion for Court Approval of Settlement Agreement and for Dismissal with Prejudice, executed by counsel for Defendants, as more fully set forth in Paragraph 9 below. Robinson agrees to hold Defendants harmless from any tax liability that may arise from the distribution of the funds from this Settlement.

5. **No Consideration Absent Execution of this Agreement**. Robinson understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 4 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

6. **General and Complete Release.** Except for the obligations required by this Agreement, Robinson does hereby release, acquit and forever discharge Defendants of and from

2

any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement, including but not limited to, any claims or causes of action arising out of or in any way relating to Robinson's employment with Defendants, including but not limited to any alleged violation of:

- the Florida Public Employees Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act, as amended;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

In consideration of the valuable consideration provided for in this Agreement, Robinson intends to give up any rights she might have under these or any other laws with respect to her alleged employment with Defendants.

In exchange for the consideration in this Agreement, Defendants release Robinson from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of the services Robinson performed for Defendants or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of the present.

7.  **Release of Unknown Claims.**  For the purpose of implementing a full and complete Release, Robinson expressly acknowledges that the Release she gives in this Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

8.  **No Other Claims Exist**. Other than the Federal Court Action, as defined in paragraph 9 below, Robinson confirms that she has not filed, caused to be filed, and is not a party to any claim, charge, complaint, or action against Defendants in any forum.  In the event that any such claim, charge, complaint or action is filed, relating to matters which existed on or before the date of this Agreement, except for enforcement of this Agreement, Robinson shall not be entitled to recover any relief or recovery therefrom, including costs and attorney's fees.

4

9. **Court Approval and Dismissal with Prejudice of Pending Lawsuit.** In or about April 2014, a lawsuit was filed styled <u>Lillie Robinson, Plaintiff, v. MP18 Corp., KJM18 Group Corp., and Mauricio Mizrahi, Defendants</u>, Case No. 16-60799-CIV-ZLOCH, in the United States District Court for the Southern District of Florida ("the Federal Court Action"), by Robinson. This Agreement is subject to Court approval, and upon such approval, the Federal Court Action shall be dismissed with prejudice by means of a Joint Motion for Court Approval of Settlement Agreement signed by counsel for the parties, and disbursement of the funds shall be made as stated herein thirty (30) days after Court Approval.

10. **No Disparaging Comments**. Robinson covenants and agrees that she shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Defendants. Robinson agrees never to apply for employment with the Defendants in the future, and will bring no cause of action if she mistakenly applies, and believes that she is not hired unjustly. Likewise, Defendants shall not disclose the terms of this Agreement to any prospective employer of Robinson or in any third party communications inquiry about Robinson, and will provide her a neutral reference to any party inquiring about the services Robinson performed for the Defendants.

11. **Successors.** This Agreement shall be binding upon and shall inure to the benefit of Robinson, and shall be binding upon and shall inure to the benefit of Defendants, and their respective heirs, administrators, successors and assigns, as applicable.

12. **Validity of Agreement.** Should any provision in this Agreement be declared to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement, and all remaining provisions shall remain valid and enforceable.

13. **Voluntary Agreement.** The parties understand and agree that they:

    (a) have had a reasonable time within which to consider this Agreement before executing it;

    (b) have carefully read and fully understand all of the provisions of this Agreement;

    (c) have agreed, through this Agreement, that Robinson is releasing Defendants from any and all claims she may have against them;

    (d) knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    (e) knowingly and voluntarily intend to be legally bound by same;

    (f) were advised to consider the terms of this Agreement with counsel, and have consulted with their counsel prior to executing this Agreement, and

    (g) are duly authorized and have full authority to execute this Agreement.

14. **Confidentiality.** Robinson agrees that she will not disclose the terms of this Agreement to anyone other than her counsel, her accountant/tax advisor, IRS, and, her spouse. Robinson further agrees to have no further communication in any way relating to this settlement with any person, except those who may be informed as set forth in the below paragraph, provided that each person so informed (except for the IRS) is told that he or she is not to disclose the matter further. To all others, including but not limited to Robinson's spouse, any employee or former employee of Defendants, the press or any other inquiry whatsoever, the Plaintiff may say

6

only that "the matter is resolved and I cannot talk about it", or words to that effect. Robinson's keeping of this settlement agreement and amount confidential is a material term of this Agreement.

15. **MMSEA Coordination.** Robinson and Defendants hereby acknowledge and incorporate the "Medicare Status and Satisfaction of Any and All Medicare Reimbursement Obligations" provision which is attached hereto as Addendum A, as if fully set forth herein, pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (Section 111) ("MMSEA") (codified at 42 U.S.C. § 1395y(b)(8)), which requires liability insurers, and in some instances, their insureds to submit claims information to the Centers for Medicare & Medicaid Services (CMS) when through settlement, judgment, award or other payment to a Medicare beneficiary, they compensate, or obtain a release of liability, for medical expenses, bodily injury, or emotional distress, to facilitate the coordination of benefits, if applicable.

16. **No Additional Representations.** Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

17. **Amendment or Modification.** This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

18. **Affirmations.** Robinson further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits

7

to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

19. **Entire Agreement.** This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except as set forth in this Agreement.

20. **Captions.** The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

21. **Counterparts.** The parties agree that this Agreement may be executed by the parties in multiple parts, or in counterparts, each of which shall be considered an original.

22. **Construction.** Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

23. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

24. **Attorneys' Fees.** In the event that any party brings an action to enforce this Agreement, the prevailing party, after all appeals or the time for appeal has expired, shall be entitled to reasonable attorneys' fees.

25. **Governing Law and Interpretation**. This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

_____
LILLIE ROBINSON
Date: Oct. 21, 2016

MP818 CORP., a Florida corporation

By: _____
    Gustavo Pardo
Title: President

KJM818 GROUP CORP., a Florida corporation

By: _____
    Keyla Garcia
Title: President

MAURICIO MIZRAHI

_____

9

## Addendum A: Medicare Status & Satisfaction Of Medicare Reimbursement Obligations

**Plaintiff's Representations:** Plaintiff, LILLIE ROBINSON (hereinafter "Robinson") represents that Robinson is currently enrolled in the Medicare program, and was enrolled in the Medicare program at the time of the Released Matters (defined to mean any released accident, occurrence, injury, illness, disease, loss, claim, demand, or damages that are subject to the Agreement and releases herein); however, Robinson has not received Medicare benefits for medical services or items related to, arising from, or in connection with the Released Matters.

Robinson further represents and warrants that the information provided to Defendants for confirmation of Robinson's Medicare status, including Robinson's name, gender, date of birth, and Social Security Number, is complete, accurate, and current as of the date of this Agreement. Robinson represents and warrants that Robinson has not received any medical services or items related to, arising from, or in connection with the Released Matters.

**Other Claims and Liens:** Robinson represents and warrants that no Medicaid payments have been made to or on behalf of Robinson and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Released Matters. Robinson further agrees that Robinson, and not Defendants, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

**Indemnification:** To the extent that Robinson's representations and warranties related to Robinson's Medicare status and receipt of medical services and items related to the Released Matters are inaccurate, not current, or misleading, Robinson agrees to indemnify and hold harmless Defendants from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons

or entities acting on behalf of Medicare, or any other person or entity, arising from or related to this Agreement, the payment of the Settlement Amount, any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any Released Matters that is subject to this Agreement or the release set forth herein, including but not limited to: (a) all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments; (b) all claims and demands for penalties based upon any failure to report, late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Robinson or Robinson's Counsel or upon any failure of Robinson or Robinson's Counsel to provide information; and (c) all Medicaid liens. This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of Defendants in connection with such claims, demands, subrogated interests, or causes of action. Regardless of the accuracy of the representations and warranties made above, Robinson agrees to indemnify and hold Defendants harmless for taxes on the payments made to Robinson and any tax consequences related thereto, except those prohibited by law.

**Remedies for Breach:** It is understood and agreed that Defendants expressly rely upon the promises, representations, and warranties made by Robinson herein; that any breach of such promises, representations, and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, Defendants shall be entitled to any and all of the following relief: (a) the immediate repayment to Defendants of the $3,000.00 being paid hereunder to Robinson; (b) indemnification and hold harmless protection as set forth above; (c) specific

enforcement of all promises and undertakings made by Robinson hereunder; and (d) all other relief and damages available at law or in equity.

**Definitions:** For purposes of this Addendum and the parties' Settlement Agreement:

a. "CMS" means the Centers for Medicare & Medicaid Services within the U.S. Department of Health and Human Services, including any agents, representatives, or contractors of CMS, such as the Coordination of Benefits Contractor ("COBC") or Medicare Secondary Payer Recovery Contractor ("MSPRC").

b. "Conditional Payments" shall have the meaning ascribed to it under the MSP Statute and implementing regulations.

c. "MMSEA" means the Medicare, Medicaid, and SCHIP Extension Act of 2007 (P.L. 110-173), which, in part, amended the Medicare Secondary Payer statute at 42 U.S.C. § 1395y(b)(7) and (8). This portion of MMSEA is referred to herein as "Section 111 of MMSEA."

d. "MSP Statute" means the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. §1395y(b).